UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 21-cv-23828-LENARD/LOUIS

AMERICAN FEDERATION
OF GOVERNMENT EMPLOYEES
("AFGE") LOCAL 501 and
COUNCIL OF PRISON LOCALS,                                 CLASS ACTION
CPL 33,
                   Plaintiffs,

vs.

JOSEPH R. BIDEN, in his official
capacity, as President of the United
States, MICHAEL CARVAJAL, in his
official capacity, as the Director of
the Federal Bureau of Prisons, EUGENE
CARLTON, in his official capacity as the
Warden of the Miami, Federal Detention
Center, MERRICK GARLAND, in his
official capacity as Attorney General of the
United States, U.S. Department of Justice,
Federal Bureau of Prisons, KIRAN AHUJA,
in her official capacity, as Director of the
Office of Personnel Management, and as
Co-chair of the Safer Federal Workforce
Task Force, and JEFFREY ZIENTS, in
his official capacity, as Co-chair of the Safer
Federal Workforce Task Force and
COVID-19 Response Coordinator,
                   Defendants.
_____/

## PLAINTIFFS' AMENDED VERIFIED COMPLAINT FOR A PRELIMINARY INJUNCTION.

COMES NOW, the above-named Plaintiffs, American Federation of Government

Employees Local 501, and Council of Prison Locals CPL 33, by and through their undersigned

1

counsel, and together, as representatives of a *putative class,* pursuant to Rule 65 (a)(1) of the Federal Rules of Civil Procedure; Plaintiffs intend to provide proper and due notice, to the Defendants, herein, and they intend to request oral argument, at the earliest possible date; moreover, they bring this Verified Amended Complaint for a Preliminary Injunction, against the above-named Defendants, Joseph R. Biden, in his official capacity, as President of the United States, Eugene Carlton, in his official capacity as the Warden of the Miami Federal Detention Center, Michael Carvajal, in his  official capacity as Director, of the Federal Bureau of Prisons, Merrick Garland, in his official capacity as Attorney General of the United States, U.S. Department of Justice, Federal Bureau of Prisons; Kiran Ahuja, in her official capacity, as Director of the Office of Personnel Management, and as Co-chair of the Safer Federal Workforce Taskforce and Jeffrey Zients, in his official capacity as Co-chair of the Safer Federal Workforce Taskforce, and COVID-19 Response Coordinator; and in support hereof, the Plaintiffs allege the following, upon information and belief:

## I.
## INTRODUCTION

1. This case seeks to protect and vindicate statutory, and fundamental constitutional rights; and therefore, the Plaintiffs, herein, as representatives of a *putative class* of federal employees, hereby bring a civil rights action, under the Fourteenth Amendment to the United States Constitution, as enforced through 42 U.S.C. Section 1983; and further, for applicable violations of the Privacy Act of 1974, 5 U.S.C. Section 552a (e); and for other constitutional and statutory violations, challenging the Defendants' acts, personnel

policies, customs and workplace procedures, which deprived Plaintiffs of their due process rights, under the Fourteenth Amendment to the United States Constitution, as well as their Fourteenth Amendment liberty right to privacy, self-autonomy and personal identity, including the right to reject mandated medical procedures and treatment.

2. Furthermore, the Acts of the Defendants, herein, failed to follow the notice and comment provisions of the Administrative Procedure Act, 5 U.S.C. Section 553; such conduct is a clear abject failure to follow required statutory mandates, and furthermore, the Defendants failed to apply, or to invoke, the *good cause* exception, under 5 U.S.C. Section 553 (b)(3)(B), of the Administrative Procedure Act, and in addition, the broad sweep of federal employee mandate, is clearly arbitrary and capricious, violating the Equal Protection Clause of the Fourteenth Amendment, to the United States Constitution, since the corrections officers/bargaining unit employees, and members of the *putative class*, are now subject to the vaccine mandate, totaling some 33,000 federal employees; however, prison inmates, in the federal system, numbering some 200,000 inmates and detainees, are not, required to be vaccinated, even though they are being paid in a work environment declared to be "hazardous," by the Occupational Health and Safety Administration, thereby failing to comply with even a deferential rational basis test.

3. The Defendants have unjustly discriminated against Plaintiffs' right to privacy, as set forth under the Fourteenth Amendment to the United States Constitution, as enforced through 42 U.S.C. Section 1983; as well as the Privacy Act of 1974, 5 U.S.C. Section 552a (e), by

mandating the COVID-19 vaccine, as a condition of continued employment, with the Defendant Agency, U.S. Department of Justice, Federal Bureau of Prisons.

4. Specifically, the Defendants' vaccine mandate seeks to override Plaintiffs' liberty right to privacy, pursuant to the Fourteenth Amendment to the United States Constitution, and as enforced through 42 U.S.C. Section 1983; and the application of the vaccine mandate seeks to unlawfully override the Privacy Act of 1974, 5 U.S.C. Section 552a (e).

5. The vaccine mandate fails to comply the notice and comment provisions of the Administrative Procedure Act, 5 U.S.C. Section 553.

6. The vaccine mandate does not pass constitutional muster, under the Equal Protection Clause of the Fourteenth Amendment.

7. As set forth in this Complaint, the policies, practices, customs and procedures of the Defendants, were the cause of, and the moving force behind, the statutory, and constitutional violations in this case.

8. Therefore, based upon the foregoing, Plaintiffs and members of the *putative class*, seek the following relief:

   a. Injunctive relief enjoining the unconstitutional application of the Defendants' policies, practices, customs and procedures, as set forth in this Complaint, through the imposition of a temporary restraining order, preliminary injunction and permanent injunction;

   b. A declaration that the Defendants, violated the Plaintiffs' clearly established statutory, and constitutional rights;

c.  A declaration that the training, supervision, policies, practices, customs and procedures of the Defendants, as set forth in this Complaint, violate the United States Constitution and the Privacy Act of 1974;

d.  A finding that the Defendants' actions violated the United States Constitution and the Privacy Act of 1974;

e.  A declaration that the conduct of the Defendants, herein, violated the Administrative Procedure Act, 5 U.S.C.551, *et seq*.;

f.  A finding that the Defendants' actions violated the  Administrative Procedure Act, 5 U.S.C.551, *et seq*.;

g.  An award of damages; and

h.  An award of Plaintiffs' reasonable costs of this litigation, including attorney's fees and costs, pursuant to 42 U.S.C. Section 1988 and other applicable law.

9.  Plaintiffs will suffer irreparable harm in the absence of maintaining the *status quo*, prior to the current employee vaccination deadline of November 22, 2021,[1] since (a) their personal and confidential medical information is not being properly maintained; for example, at least one facility, operated and administered by the Federal Bureau of Prisons, where the Plaintiffs and members of the *putative class* are employed, the Federal Corrections Center ("FCI") in Miami, is requiring bargaining unit members to submit paper copies of vaccination records without using a secure electronic portal; (b) the Office of Personnel

---

[1] Federal contractors were apparently provided a later date for vaccine mandate compliance, sometime after January 1, 2022, which raises further equal protection issues and consideration.

Management has had numerous confidential record security breaches, dating as far back as 2015, and the Executive Order at issue provides no assurances or process that the applicable systems will support the legislative policy goals of the Privacy Act of 1974, 5 U.S.C. Section 552a (e); (c) it is anticipated that the enforcement of the vaccine mandate, as written, will cause massive retirements and resignations within the federal corrections officers workforce, further jeopardizing bargaining unit employees in a penitentiary system, which is now stretched to dangerous limits in terms of the continued and safe staffing of federal prison facilities; (d) the complete failure of the Defendants to abide by the Administrative Procedure Act, specifically, the complete casting aside of the *notice and comment* provisions and process, without justifiable and authorized exceptions, threatens the property interests, which Plaintiffs and members of the *putative class* have in their current positions within the federal workforce; (e) Plaintiffs and members of the *putative class* are being denied equal protection, even under a rational basis test, since a workforce of 33,000 members, represented by both AFGE Local 501 and Council of Prison Locals CPL 33; are administering and supervising a federal prison population of approximately 200,000 inmates and detainees, who are not being required to comply with the vaccine mandate, or with any other form of mandatory medical treatment, or treatment regimen; (f) the alleged Office of Personnel Management Guidance merely states that exceptions to the Employee Vaccination Mandate will be made in limited circumstances, without any explanations as to how these limited exceptions will be made and how the limited exceptions will dovetail with each bargaining unit members' property interest in federal

employment; and (g) Plaintiffs' constitutional rights to privacy and personal autonomy, will be fundamentally abridged and substantially impaired.

## II.
## JURISDICTION AND VENUE

10. This action arises under the Constitution and laws of the United States; jurisdiction is conferred upon the district court, pursuant to 28 U.S.C. Section 1331 and 1343; as well as under 42 U.S.C. Section 1983; and the Privacy Act of 1974, 5 U.S.C. Section 552a (e); and further, pursuant to other federal laws and regulations, to redress violations of federal law.

11. This action is further brought, pursuant to the Administrative Procedures Act, 5 U.S.C. Section 553, *et seq*., as well as, pursuant to the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and as enforced through 42 U.S.C. Section 1983, since bargaining unit members, Plaintiffs and members of the *putative class*, are being treated in a disparate manner, as compared to federally sentenced inmates and pre-trial inmates.

12. The district court has jurisdiction pursuant to Article III of the United States Constitution, 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343(a); declaratory relief is authorized pursuant to 28 U.S.C. Section 2201 and 2202.

13. Plaintiffs' claims for declaratory and injunctive relief, are authorized by 28 U.S.C. Section 2201 and 2202, by Rules 57 and 65 (a) (1) of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Court; Plaintiffs' claims for damages are authorized under 42 U.S.C. Section 1983, by the Privacy Act of 1974, 5 U.S.C. Section

552(a), *et seq.*, the Administrative Procedures Act, 5 U.S.C. Section 553, *et seq.*, and by the general legal and equitable powers of this Court.

14. Venue is proper in this District, under 28 U.S.C. Section 1391(b), because a substantial part of the events and or omissions giving rise to Plaintiffs' claims, occurred in this District.

### III.
### PARTIES

15. Plaintiff, American Federation of Government Employees ("AFGE") Local 501, is a duly authorized and constituted labor organization, operating as the exclusive bargaining representative, for employees of the Defendant, the United States Department of Justice, Bureau Prisons, and said employees are members of the bargaining unit, employed by the Defendant, in Miami, Miami-Dade County, Florida; at federal corrections institutions; and further, AFGE Local 501 ("LOCAL 501), is a constituent local union, of the Council of Prison Locals, CPL 33.

16. Plaintiff, Council of Prison Locals, CPL 33 ("COUNCIL"), is the district office, for local labor organizations, representing bargaining unit employees, employed by the Defendant, the United States Department of Justice, Bureau Prisons, in federal corrections institutions, in Miami, Miami-Dade County, Florida, including the constituent local union, AFGE Local 501; and through its district office capacity, overseeing the operations of local unions, the COUNCIL represents 33,000 bargaining unit members, federal corrections employees, throughout the United States, and or its territories.

17. Bargaining unit members, are constituents of the Plaintiffs, herein; these bargaining unit members; they are known and referred to Federal Bargaining Unit Members, in federal detention and corrections institutions, to include all COUNCIL members stationed in other non-corrections facilities, such as training facilities residential reentry facilities, the Central Office and other related facilities; and as members of the *putative class*, will be and are being substantively affected, by the federal government's vaccine mandate, which was originally announced through the issuance of Executive Order, 14043, by President Biden, on September 9, 2021.

18. Defendant, Joseph R. Biden, is the President of the United States and the President is being sued in his official capacity.

19. Defendant, Michael Carvajal, is the Director of the Federal Bureau of Prisons and the Director is being sued in his official capacity.

20. Defendant, the Federal Bureau of Prisons, is a federal agency.

21. Defendant, Eugene Carlton, is the Warden of the Miami Federal Detention Center and he is being sued in his official capacity.

22. Defendant, Merrick Garland, as Attorney General of United States, U.S. Department of Justice, Federal Bureau of Prisons ("AGENCY"), is the legally designated Agency head; he is being sued in his official capacity; and as such, in this role, he is responsible for the personnel policies and practices, as pronounced and implemented, with respect to AGENCY employees, including the Plaintiffs, herein.

23. Defendant, the Department of Justice, Federal Bureau of Prisons, is a federal agency.

24. Defendant Kiran Ahuja, is being sued in her official capacity, as the Director of the Office of Personnel Management.

25. Defendant, the Office of Personnel Management ("OPM"), is an independent federal agency.

26. Defendant, Jeffrey Zients, is being sued in his official capacity as the Co-chair of the Safer Federal Workforce Taskforce; and he also serves as the White House COVID-19 Response Coordinator.

27. Defendant, the United States Department of Justice, the AGENCY, is an agency of the federal government, within the meaning of 5 U.S.C. Section 552 (a)(1), and it is or will be in possession of personnel records, including the medical records, pertaining to the Plaintiffs, herein, and members of the *putative class*, verifying and or confirming their vaccination status.

28. Defendant, the Federal Bureau of Prisons, is an agency of the Federal government, within the meaning of 5 U.S.C. Section 552 (a)(1), and it is, or will be in possession of medical records, pertaining to the Plaintiffs herein, and members of the putative class, confirming and or verifying their vaccination status.

## IV.
## STATEMENT OF FACTS

29. On September 9, 2021, the President signed Executive Order No. 14043 ("EO"), 86 Fed. Reg. 50989, "Requiring Coronavirus Disease 2019 Vaccination for federal employees."

30. The EO stated a requirement that "each agency shall implement . . . a program to require COVID-19 vaccinations, for all of its federal employees." (Also known, as the "Employee Mandate.").

31. The EO further required the Whitehouse Safer Workforce Task Force to issue guidance for agencies by September 16, 2021, but there was no specific directive or explicit provision, for any religious or medical exemption to the vaccine requirement.

32. On September 16, 2021, Whitehouse Safer Workforce Task Force merely updated the "Frequently Asked Questions" ("FAQ")[2] on its website, apparently, to fulfill the EO guidance requirement.[3]

33. On information and belief, the Whitehouse Safer Workforce Task Force, has never published its guidance in the Federal Register; and moreover, no federal agency has followed any notice and comment procedures before the issuance of the subject guidance.

34. On September 16, 2021, pursuant to an Executive Order, all federal employees were required to comply with the Biden Administration's COVID 19 vaccination mandate, and this Executive Order, also applied to Agency employees.

35. On October 1, 2021, the Whitehouse Safer Workforce Task Force stated that November 22, 2021, is the deadline for federal employees to be fully vaccinated; and federal agencies are authorized to begin the disciplinary process for employees who refuse to comply, with

---

[2] The FAQs were previously attached to the original Verified Complaint, as **EXHIBIT A**.

[3] The FAQs contend that exceptions to the Employee Mandate, are to be made in "limited circumstances, where the law requires an exception."

the vaccination mandate on November 9, 2021, since a period of two weeks, are required, from the second Moderna or Pfizer shot, and the single dose Johnson & Johnson vaccine, for the vaccine to provide full protection.

36. The enforcement or disciplinary process begins with a five-day counseling period, in which agencies, including the Defendant herein, must provide the non-compliant employee with information on the benefits of the vaccine, and how to obtain the vaccine.

37. According to the Whitehouse Safer Workforce Task Force, continued non-compliance during the suspension can be followed by a removal proposal, but purported unique operational needs of the agencies, and the circumstances affecting a particular employee may warrant departure from this guidance, if necessary.

38. The Office of Personnel Management ("OPM") provided further guidance on the implementation of the vaccine mandate, stating that if an employee receives the first dose of the Moderna or Pfizer vaccine, after an agency, including the Defendant has begun the disciplinary process, the agency should put the process on hold, to give that employee the opportunity to prove he or she has received the second dose.

39. Furthermore, OPM has opined, that if an employee receives a second dosage during a suspension, the remainder of the suspension should be put on hold, until the employee provides documentation of the second dose, at which point the suspension will end.

40. OPM also opined that if an employee provides an agency with appropriate documentation, after November 8, 2021, that the employee has received the first dose of the two shot vaccine, an agency may hold any disciplinary action in abeyance, pending receipt of the

appropriate documentation, that the employee has received the second dose within the designated three or four week interval, depending on the vaccine received by the employee, even if this means that the employee will not be fully vaccinated by November 22, 2021; and under these circumstances, the employee should be provided with a deadline for receiving the final does f the vaccine and providing appropriate documentation.

41. OPM guidance further held that, if a federal employee does not comply with the requirement to become fully vaccinated, under the Executive Order, and has not been provided with an exemption, the agency, including the Defendant herein, may pursue disciplinary action, up to and including, removal from the federal service.

42. The Whitehouse Safer Workforce Task Force has further stated that new hires in the federal workforce, must be required to prove that they are fully vaccinated, before they report, for their first day on the job.

43. OPM has provided additional guidance, stating that when an individual fails to meet a requirement in the job announcement, the agency may take a personnel action, up to any including rescinding the job offer for an applicant or termination from the federal service of a new employee, or the removal of an employee who has accrued adverse action rights.

44. Through its course of conduct and its newly enacted personnel practices and policies, the Defendant has violated the express purpose and goal of the Privacy Act, which is to provide protection, against possible abuses of governmental power, to affect an individual's private and confidential information.

45. As a direct result of exercising their constitutional and statutory rights, Plaintiffs and members of the putative class, have been and or will be subjected to disciplinary sanctions.

46. The AGENCY has failed to abide by the express purpose of the Privacy Act, as declared by Congress, whereby all agencies of the Executive Branch and their employees, to observe certain constitutional rules in computerization, collection, management, use and disclosure of personal employee information.

47. Based upon both the AGENCY's violations of both statutory and fundamental constitutional principles, the Plaintiffs are entitled to both monetary and injunctive relief, on an expedited basis, as well as reasonable attorney's fees and costs.

48. The AGENCY and the other Defendants, herein, are required to take an oath of office, to support and defend the Constitution of the United States, pursuant to 5 U.S.C. Section 3331.

49. By failing to properly maintain their oath of office, pursuant to the United States Constitution, the AGENCY, and the other Defendants,  have subjected the Plaintiffs and the members of the *putative class*, as sworn law enforcement officers, to the deprivation of their fundamental constitutional rights, under color of law, in direct violation of 18 U.S.C. Section 242.

## COUNT I
### (RIGHT TO PRIVACY, PERSONAL AUTONOMY AND PERSONAL IDENTITY, UNDER THE FOURTEENTH AMENDMENT; 42 U.S.C. SECTION 1983)

50. Plaintiffs restate and re-allege the allegations contained within Paragraphs 1—49 of the Amended Verified Complaint, as if fully set forth herein.

51. By reason of the aforementioned acts, policies, practices, customs and procedures; created, adopted and enforced, under the color of state law, the Defendants have deprived Plaintiffs of their fundamental constitutional right to privacy, personal autonomy, and personal identity, all in violation of the Fourteenth Amendment, as applied to the Plaintiffs, herein, under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

52. The Defendants herein, acting as managers of the applicable administrative process, and as a federal sector employer, have clearly deprived Plaintiffs, herein, and members of the *putative class*, of their fundamental right to bodily integrity, to make their own informed medical decisions, with the assistance of their personal physicians.

53. By favoring and enforcing policies that approve of and force medical treatment upon the Plaintiffs, acting as federal law enforcement officers; and infringing on their applicable rights to privacy, personal identity and personal autonomy, the Defendants have clearly violated Plaintiffs' fundamental rights, under the Fourteenth Amendment to the United States Constitution.

54. The Defendants' conduct deprives Plaintiffs of their personal choices, central to individual dignity and autonomy, including intimate choices, defining personal identity and beliefs, and by stigmatizing and labeling their privacy rights and interests, as unworthy of protection, by the Defendants, acting as managers of the applicable administrative process, and as the applicable federal employer.

55. The Defendants policies, practices, customs, and procedures; clearly punish and impose disciplinary action on the Plaintiffs, for the alleged violations of the Defendant's new policies, simply for exercising their privacy rights and their further right to personal autonomy, to make their own private and confidential medical decisions.

56. The Defendants' conduct herein has injured the Plaintiffs, by violating their constitutional rights, through the threat of discipline and sanctions, as workplace penalties, imposed by the Defendants, herein, for the failure to comply with its new personnel policies, which implicate the right to privacy and personal autonomy.

57. As a direct and proximate result of the Defendants' violation of the Fourteenth Amendment, Plaintiffs have suffered, are suffering, and will continue to suffer irreparable harm, including the loss of their fundamental constitutional rights, entitling them to declaratory and injunctive relief; additionally, Plaintiffs are entitled to damages for the loss of their constitutional rights.

**WHEREFORE**, Plaintiffs, AFGE LOCAL 501, and COUNCIL OF PRISON LOCALS, CPL 33, respectfully request that this Court enter judgment against the Attorney General, MERRICK GARLAND, as Attorney General of the United States, Department of Justice,

Bureau of Prisons, as well as the other named Defendants, herein; in favor of the Plaintiffs and members of the *putative class*, and order the following relief:

A) Award the Plaintiffs their applicable damages for the constitutional violation;

B) Award the Plaintiffs their costs and a reasonable attorney's fee;

C) Grant declaratory relief stating that the Defendant violated the Fourteenth Amendment to the United States Constitution, as enforced by 42 U.S. C. Section 1983;

D) Enjoin the Defendant from continuing its course of conduct, which violate the United States Constitution, under the Fourteenth Amendment;

E) Grant the Plaintiffs' application for a temporary restraining order, preliminary and permanent injunctive relief, as well as declaratory relief in their favor and against the Defendant; and

F) Grant to the Plaintiffs, herein, any and all, appropriate relief, which the Court deems to be just and proper.

## COUNT II
## (VIOLATION OF THE PRIVACY ACT, 5 U.S.C. SECTION 552a (e))

58. Plaintiffs restate and re-allege the allegations contained within Paragraphs 1—49 of the Amended Verified Complaint, as if fully set forth herein.

59. Under the Privacy Act of 1974, 5 U.S.C. Section 552a (2), Congress expressed specific Findings and a Statement of Purpose, indicating in pertinent part:

> The increasing use of computers and sophisticated information technology, while essential to the efficient operation of government, has greatly magnified the harm

to individual privacy that can occur from any collection, maintenance, use, or dissemination of personal information.

60. In addition, under Congress' policy statement, on the Privacy Act, found at Section (a)(4),

on the Congressional Statement of Purpose,

. . . the right to privacy is a personal and fundamental right protected by the Constitution of the United States, and at Section (c). Congress has further stated,

. . . in order to protect the privacy of individuals, identified by federal agencies, it is necessary and proper, for Congress to regulate the collection, maintenance, use and dissemination of information by such agencies.

61.    The Privacy Act of 1974, 5 U.S.C. Section 552a (e), states in pertinent part as follows:

(e) Agency Requirements—Each agency that mandates a system of records shall—

(1) Maintain in its records only such information about an individual as is relevant and necessary to accomplish a purpose of the agency, required by statute or by Executive Order of the President;

(2) Collect information to the greatest extent practicable directly from the subject individual when the information may result in adverse determinations abut an individual's rights, benefits and privileges under Federal programs;

(3) Inform each individual whom it asks to supply information, on the form which it uses to collect the information or on a separate form that can be retained by the individual—

(A) the authority (whether granted by statute, or by executive order of the President) which authorizes the solicitation of the information and whether the disclosure of such information is mandatory or voluntary;

(B) the principal purpose or purposes for which the information is intended to be used;

(C) the routine uses which may be made of the information, as published pursuant to paragraph (4)(D) of this subsection; and

18

(D) the effects on him, if any, of not providing all r any part of the requested information.

62. The Privacy Act is designed to safeguard the right of personal privacy, against invasion by government agencies, which both collect and use personal data, *see*, 5 U.S.C. Section 552a.

63. The goal of the Privacy Act is to provide effective protection, against possible abuses of governmental power to affect an individual's privacy rights, and his or her confidential information.

64. The Act requires all agencies of the Executive Branch and its employees, to observe certain constitutional rules in computerization, collection, management, use and disclosure of personal employee information.

65. By requiring federal employees to release personal health and medical information, the Defendant has violated fundamental privacy rights under the Act, and moreover, the Defendant has failed to articulate sufficient procedural safeguards, designed to protect the confidentiality of private medical information.

66. On information and belief, the pertinent Executive Order and its so-called, enabling "FAQs," wholly fail to establish a system of medical records administration, to ensure the safety and integrity of the medical records of the Plaintiffs and members of the *putative class*, including their personal vaccination status.

67. Pursuant to the Privacy Act, the AGENCY, and the Federal Bureau of Prisons, in cooperation with the other Defendants, must maintain a system of records, to protect the

confidentiality of employee records, and to comply with the requirements of the Act, *see*, 5 U.S.C. Section 552(e)(4).

68. The Defendants, its employees and officers, knew or should have known, that their actions were wholly improper, unlawful, and or constituted a violation of the Privacy Act.

69. The Defendants, its employees and officers, acted intentionally, or willfully in violation of the Plaintiffs' privacy rights.

70. Plaintiffs' personal and confidential medical information is not being properly maintained, in connection with the enforcement of the Employee Vaccine Mandate; for example, at least one facility, operated and administered by the Federal Bureau of Prisons, where the Plaintiffs and members of the *putative class* are employed, the Federal Corrections Center ("FCI") in Miami, management is requiring bargaining unit members to submit paper copies of vaccination records, without using a secure electronic portal, resulting in the failure to safeguard protected and confidential medical information, in direct violation of the Privacy Act of 1974; (b) the Office of Personnel Management has had numerous prior confidential record security breaches, dating as far back as 2015, and the Executive Order, at issue here, provides no assurances, or process, that the records management systems will support the mandated legislative policy goals of the Privacy Act of 1974, 5 U.S.C. Section 552a (e).

71. As a result of the Defendants' violations of the Privacy Act, the Plaintiffs have suffered adverse and harmful effects, including, but not limited to, mental distress, emotional

trauma, embarrassment, humiliation, and by the Defendant's conduct, Plaintiffs have lost present or future financial opportunities.

72. The Plaintiffs have retained undersigned counsel to prosecute this case on their behalf, they have incurred attorney's fees and costs; and hence they are entitled to an award of reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiffs, AFGE LOCAL 501, and COUNCIL OF PRISON LOCALS, CPL 33, respectfully request that this Court enter judgment against the Attorney General, MERRICK GARLAND, as Attorney General of the United States, Department of Justice, Bureau of Prisons, as well as the other named Defendants, herein; in favor of the Plaintiffs and members of the *putative class*, and order the following relief:

(A) Declare that the Defendant violated the Privacy Act, and further order preliminary injunctive relief, as well as permanent injunctive relief;

(B) Award the Plaintiffs actual damages under 5 U.S.C. Section 552a(g)(4)(A), the exact amount, which is to be determined at trial, but is not less than $1,000 per statutory violation;

(C) Award to the Plaintiffs their reasonable attorney's fees and costs, pursuant to 5 U.S.C. Section 552a(g)(3)(B) and or (4)(B), 552 (a)(4)(E) and or 28 U.S.C. Section 2412 (d);

(D) Expedite this action in every possible manner pursuant to 28 U.S.C. Section 1657 (a); and

(E) Grant such other relief as the Court may deem to be just and proper.

**COUNT III**
**(VIOLATION OF THE ADMINISTRATRIVE PROCEDURE ACT, 5 U.S.C.**
**SECTION 553)**

73. Plaintiffs restate and re-allege the allegations contained within Paragraphs 1—49 of the Verified Amended Complaint, as if fully set forth herein.

74. The Administrative Procedure Act requires notice of, and comment on, agency rules that "affect individual rights and obligations."

75. Under the Administrative Procedure Act, a court must hold "unlawful and set aside agency action that is not in accordance with law, or in excess of statutory . . . authority, or limitations, or short of statutory right," *see*, 5 U.S.C. Section 706(2)(A)(C).

76. Under the Administrative Procedure Act, a court must hold unlawful and set aside agency action," that is "arbitrary [or] capricious," *see,* 5 U.S.C. section 706 (2)(A).

77. The federal employee vaccine mandate, issued pursuant to Executive Order 14043, certainly substantially "affect individual rights and obligations," as set forth and described above.

78. In short, the federal employee vaccine mandate, issued pursuant to Executive Order 14043, substantially impacts the Plaintiffs' status in the workplace, as federal employments, and as bargaining unit members.

79. The Defendants have failed to comply with the Notice and Comment provisions of the Administrative Procedure Act, *see*, 5 U.S.C. Section 706(2)(D), without providing any justification for its conduct.

80. The Defendants have acted arbitrarily and capriciously, in violation of the Administrative Procedure Act, see, 5 U.S.C. Section 706(2)(A); and the Agency's action here must be invalidated for the abject failure to abide by the statutory requirements and mandates of the Administrative Procedure Act.

**WHEREFORE**, Plaintiffs, AFGE LOCAL 501, and COUNCIL OF PRISON LOCALS, CPL 33, respectfully request that this Court enter judgment against the Attorney General, MERRICK GARLAND, as Attorney General of the United States, Department of Justice, Bureau of Prisons, as well as the other named Defendants, herein; in favor of the Plaintiffs and members of the *putative class,* and order the following relief:

(A) Declare that the Defendant violated the Administrative Procedure Act, and further order preliminary injunctive relief, as well as permanent injunctive relief;

(B) The entry of a finding by the Court invalidating the vaccine mandate for federal employees, pursuant to Executive Order 14043; and

(C) Grant such other relief as the Court may deem to be just and proper.

### COUNT IV
### (VIOLATION OF THE EQUAL PROTECTION CLAUSE, UNDER THE FOURTEENTH AMENDMENT; AND ENFORCED THROUGH 42 U.S.C. SECTION 1983)

81. Plaintiffs restate and re-allege the allegations contained within Paragraphs 1—49 of the Verified Complaint, as if fully set forth herein.

82. By reason of the aforementioned acts, policies, practices, customs and procedures; created, adopted and enforced under the color of state law, the Defendants have deprived Plaintiffs

of their fundamental constitutional right to Equal Protection, in violation of the Fourteenth Amendment, as applied to the Plaintiffs, herein, under the Fourteenth Amendment to the United States Constitution and as enforced through, 42 U.S.C. Section 1983.

83. Within the workplace, Plaintiffs and members of the *putative class,* are being treated in an unlawful disparate manner, in that the federal employee vaccine mandate, imposed through Executive Order 14043, although applicable to them, does not apply to federally sentenced and pre-trial inmates, and the disparate unlawful treatment, has no rational basis, in violation of the Equal Protection Clause of the Fourteenth Amendment.

84. Plaintiffs and members of the *putative class* are being denied equal protection, even under a *rational basis test*, since a federal workforce of 33,000 members, represented by both AFGE Local 501 and Council of Prison Officials, CPL 33; are administering a prison population of approximately 200,000 inmates and detainees, who are not being required to comply with the vaccine mandate, or with any other form of mandatory medical treatment or treatment regimen; even though they are being compensated for work in the detention facilities, in workspaces which have been deemed to be "hazardous," by the Occupational Health and Safety Administration.

85. The Defendants' proffered Employee Vaccine Mandate, as established by the applicable Executive Order is both arbitrary and capricious and it wholly fails to even satisfy the rational basis test.

86. The Defendants' policies, practices, customs, procedures; clearly punish and impose disciplinary action on the Plaintiffs, for the alleged violations of the Defendants' new personnel policies, simply because of their status as federal employees, in the workplace.

87. The Defendants' conduct herein has injured the Plaintiffs, by violating their constitutional rights, through the threat of discipline and sanction, by the Defendants, herein, for the failure to comply with its new personnel policies, which implicate the Equal Protection Clause of the Fourteenth Amendment.

88. As a direct and proximate result of the Defendants' violation of the Equal Protection Clause of the Fourteenth Amendment, Plaintiffs have suffered, are suffering, and will continue to suffer irreparable harm, including the loss of their fundamental constitutional rights, entitling them to declaratory and injunctive relief; additionally, Plaintiffs are entitled to damages for the loss of their constitutional rights.

**WHEREFORE**, Plaintiffs, AFGE LOCAL 501, and COUNCIL OF PRISON LOCALS, CPL 33, respectfully request that this Court enter judgment against the Attorney General, MERRICK GARLAND, as Attorney General of the United States, Department of Justice, Bureau of Prisons, as well as the other named Defendants, herein; in favor of the Plaintiffs and members of the *putative class*, and order the following relief:

A) Award the Plaintiffs their applicable damages for the constitutional violation;

B) Award the Plaintiffs their costs and a reasonable attorney's fee;

C) Grant declaratory relief stating that the Defendant violated the Fourteenth Amendment to the United States Constitution, as enforced by 42 U.S. C. Section

1983;

D) Enjoin the Defendant from continuing its course of conduct, which violate the United States Constitution, under the Fourteenth Amendment;

E) Grant the Plaintiffs' application for a temporary restraining order, preliminary and permanent injunctive relief, as well as declaratory relief in their favor and against the Defendant; and

F) Grant to the Plaintiffs, herein, any and all, appropriate relief, which the Court deems to be just and proper.

Respectfully submitted,

Mark J. Berkowitz, P.A.
Attorney for Plaintiffs
AFGE Local 501
Council of Prison Locals CPL 33
One Ten Tower
110 S.E. 6th Street
Suite 1700
Ft. Lauderdale, Florida 33301
(954) 527-0570 Telephone
(954) 281-5881 Telecopier
E-mail: labor@markjberkowitz.com
Fla. Bar No. 369391

/s/ Mark J. Berkowitz
Mark J. Berkowitz

Dated on this 12th day of November, 2021.